AO 91 (Rev. 01/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 10-6110-SELTZER |
| Michael Defrand | ) | |
| Defendant | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date of __see below__ in the county of __Broward__ in the __Southern__ District of __Florida__, the defendant violated __18__ U.S.C. § __1591(a)(1)__, an offense described as follows:

From in or around September 2009, and continuing through on or about October 14, 2009, the defendant did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, that is T.H., knowing that such person had not obtained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a).

This criminal complaint is based on these facts:
SEE ATTACHED AFFIDAVIT

☑ Continued on the attached sheet.

_____
Complainant's signature

Regino E. Chavez, Special Agent, FBI
Printed name and title

Sworn to before me and signed in my presence.

Date: 03/16/2010

_____
Judge's signature

City and state: Ft. Lauderdale, Florida

Barry S. Seltzer, U.S. Magistrate Judge
Printed name and title

## **AFFIDAVIT**

I, Regino E. Chavez, being duly sworn, depose and state:

1. I am a Special Agent with the Federal Bureau of Investigation (FBI), and have been so employed since November 2003. I am currently assigned to the Miami Field Office, and I am a member of the Minor Vice Task Force (MVTF) in South Florida. The MVTF is comprised of state, local, and federal law enforcement agencies, and its members investigate crimes against children. I have participated in numerous investigations involving child sex trafficking, child pornography, and the domestic and international abduction of children. I continue to receive ongoing training in these areas of investigation from both the FBI and other law enforcement agencies.

2. This affidavit is made in support of a criminal complaint against Michael DEFRAND. As set forth in detail below, I respectfully submit that there is probable cause to believe that DEFRAND did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, knowing that such person had not obtained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a).

3. This affidavit is based on my own personal knowledge, as well as information provided to me by other law enforcement officers. Because this affidavit is being submitted for the limited purpose of establishing probable cause in support of a criminal complaint, I have not included every fact I know about this investigation.

1

## T.H.

4. On October 14, 2009, law enforcement officers found an advertisement on an internet website called Backpage.com which indicated that T.H. was being offered for sexual activities. Backpage.com is a collection of internet-based online resources, including classified ads, forums, and various email services. Based on a review of the advertisement posted on Backpage.com, law enforcement officers identified T.H. as a possible minor.

5. On October 14, 2009, law enforcement officers attempted to recover T.H., who was believed to be at the La Quinta Inn located at 3800 West Commercial Boulevard, Fort Lauderdale, Florida. La Quinta Inn is an international hotel chain, with hotel locations throughout the United States, Canada, and Mexico. Undercover law enforcement officers arranged a prostitution "date" with T.H. via the telephone number provided on the Backpage.com advertisement. Law enforcement officers were unable to meet with T.H., however, because individuals involved in the same prostitution activities as T.H. spotted a surveillance team supporting the undercover operation. Before the undercover operation could be completed, T.H. fled out a hotel window.

4. Law enforcement officers were nonetheless able to recover T.H. later that same day. Law enforcement officers were then able to determine that T.H. was seventeen (17) years old, and was a runaway child in the custody of the Florida Department of Children and Families.

5. On October 15, 2009, law enforcement officers interviewed T.H. During her interview, T.H. stated the following:

\* a. T.H. met DEFRAND approximately one-and-a-half months prior to the date of the interview. T.H. was walking along a street in Broward County, Florida, and DEFRAND asked her whether she wanted to be an escort. T.H. decided to go with DEFRAND. DEFRAND took T.H. to a La Quinta Inn located along Commercial Boulevard in Broward County, where T.H.

\* During the interview, T.H. was shown a driver's license photograph of DEFRAND. She identified the individual in the picture as her pimp.

2

began to work as a prostitute for DEFRAND. DEFRAND has sex with T.H. the first time they were together. At the time T.H. started working as a prostitute for DEFRAND, he had two other prostitutes working for him, one of whom T.H believed was sixteen or seventeen years old.

    b.    When DEFRAND took T.H. to the La Quinta Inn, he had pictures taken of T.H. in undergarments that DEFRAND bought for T.H. DEFRAND then posted the pictures on Backpage.com. At the time DEFRAND took these pictures, T.H. told DEFRAND how old she was. DEFRAND responded to T.H. by telling her that he was going to put her on Backpage.com and other internet websites. T.H. was advertised as "India" on Backpage.com.

    c.    A friend of DEFRAND's instructed T.H. regarding the "rules" of prostitution. T.H. was told that she could not have sex with other "Daddies," a term used to describe a pimp. T.H. was also told that, whenever she had a client, she had to ask him if he was a police officer. T.H. was advised that the first thing a real client does is take off his clothes. T.H. was further told to get the money from the client and turn it over to one of the other prostitutes. In addition, T.H. was told not to look other pimps in the eye.

    d.    DEFRAND told T.H. what to charge her clients when she worked as a prostitute. He told her to charge $80.00 for 15 minutes, $150.00 for 30 minutes, $200.00 for one hour, and $500.00 for an entire day. The first prostitution client T.H. had was a friend of DEFRAND's.

    e.    T.H. worked as a prostitute every day while she was with DEFRAND, and once serviced six clients in one night. T.H. did not tell any of her clients how old she was. DEFRAND told T.H. to either not to tell the clients how old she was, or to tell them that she was nineteen.

3

f. T.H. gave all the money she made working as a prostitute to DEFRAND. Whenever T.H. obtained the money from one of her clients, one of the other prostitutes came to collect the money. The most money T.H. made in one night working for DEFRAND was $500.00, and she and another prostitute once made $700.00 working together with one client.

g. DEFRAND gave his prostitutes money whenever they needed money. DEFRAND also provided his prostitutes with condoms. One of the condom brands DEFRAND provided was Magnum, which is a type of Trojan condom. Trojan condoms are manufactured by Church & Dwight Co., Inc., which is based in New Jersey.

h. DEFRAND paid for the hotels where the prostitutes worked and lived, and sometimes stayed with the prostitutes at the hotels. One of the hotels where T.H. stayed with DEFRAND most often was the La Quinta Inn along Commercial Boulevard in Broward County. DEFRAND had four to five cellular telephones that were used by his prostitutes in order to arrange dates with clients. All the prostitutes answered the cell phones and arranged dates.

i. While T.H. was with DEFRAND, he hit T.H. twice. On one occasion, DEFRAND hit T.H. because she was "acting childish." DEFRAND also bought marijuana and ecstasy for T.H.

6. Law enforcement officers subsequently discovered several advertisements on Backpage.com depicting T.H. dressed in undergarments. One Backpage.com advertisement of T.H. posted on September 24, 2009 read as follows:

> **Wanna joy Ride Daddy???**
> **What are your secret desires? Private thoughts? Most intimate**
> **fantasies? I Specialize in fantasy fulfillment & adult**
> **entertainment. I am open-minded and creative and would love to**
> **make things you desire happen....call me baby, I'm**
> **waiting...INDIA 786-303-5478.**

This same advertisement was posted on Backpage.com again on September 26, 2009.

4

## T.B.

7.      On September 29, 2009, law enforcement officers traveled to 5460 North State Road 441, North Lauderdale, Florida, in response to a call from N.B. On scene, law enforcement officers learned that N.B. had arranged to have sex with a prostitute, later determined to be T.B., for $200. DEFRAND and another individual drove T.B. to the location, where she had sex with N.B. After having sex with T.B., N.B. refused to pay T.B. Shortly thereafter, DEFRAND and another male came to the location and threatened to harm N.B., leading N.B. to call the authorities. At the time of this incident, T.B. was seventeen years old.

## CONCLUSION

8.      Based on the information presented in this affidavit, I respectfully submit that there is probable cause to believe that DEFRAND did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, knowing that such person had not obtained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a).

_____
Regino E. Chavez
Special Agent
Federal Bureau of Investigation

Sworn and subscribed before me
this 16th day of March, 2010.

_____
Honorable Barry S. Seltzer
United States Magistrate Judge

5

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No. 10-6110-BSS

UNITED STATES OF AMERICA

vs.

MICHAEL DEFRAND,

    Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003? ____ Yes __X__ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007? ____ Yes __X__ No

Respectfully submitted,

JEFFREY H. SLOMAN
UNITED STATES ATTORNEY

BY: _____
STRIDER L. DICKSON
ASSISTANT UNITED STATES ATTORNEY
Court ID No. A5501170
500 E. Broward Blvd.
Ft. Lauderdale, Florida 33394
TEL (954) 660-5960
FAX (954) 356-7336