## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### Case No. 10-60102-CR-ZLOCH/ROSENBAUM

UNITED STATES OF AMERICA,

        Plaintiff,

v.

STANLEY WILSON,
a/k/a "Bird,"

        Defendant.

_____/

### REPORT AND RECOMMENDATION

    This matter is before the Court upon Defendant Stanley Wilson's Motion to Dismiss Superceding Indictment [D.E. 120], upon referral by the Honorable William J. Zloch. *See* D.E. 122. The Court has carefully considered Defendant's Motion, all filings in support thereof and in opposition thereto, and the entire record, and is otherwise duly informed on the premises. Additionally, the Court has had the benefit of argument of counsel at the hearing held in this matter on July 26, 2010. For the reasons articulated below, I now respectfully recommend that the Court deny Defendant Wilson's Motion to Dismiss.

### I. Background

    On June 15, 2010, a federal grand jury returned a Superseding Indictment against Defendant Stanley Wilson ("Defendant" or "Wilson") and four others, including Johnny Saintil, Michael Defrand, Maritza Rodriguez, and Latanya Ned. In Count 1, the Superseding Indictment charges that Wilson conspired with his co-defendants to

> (a)   in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, knowing, and in reckless disregard of the fact, that such person had not attained the age of 18 years and would be caused to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a)(1); and
>
> (b)   in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, knowing, and in reckless disregard of the fact, that force, threats of force, and coercion would be used to cause the person to engage in a commercial sex act, in violation of Title 18, United States Code, Section 1591(a)(1).
>
> All in violation of Title 18, United States Code, Section 1594(c).

D.E. 115 at 2.  Counts 6 and 7 of the Superseding Indictment allege that Wilson

> did knowingly, in and affecting interstate and foreign commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, . . . knowing, and in reckless disregard of the fact, that force, threats of force, and coercion would be used to cause [that person] to engage in a commercial sex act; in violation of Title 18, United States Code, Sections 1591(a)(1), 1591(b)(1), and 2.

*Id.* at 5.

According to the Government, the alleged prostitution ring worked in the following manner:

> This case arises from Wilson's membership in a criminal organization calling itself Please Talk Paper ("PTP").  The organization sex[-]trafficked adult and minor females out of national and international hotel chains in Broward County by advertising on the [I]nternet site backpage.com.  The group also shared resources, including computers, condoms, and the prostitutes themselves, and helped each other with [I]nternet advertising and avoiding detection by law enforcement.
>
> The members of PTP included pimps and "bottoms," who controlled the day[-]to[-]day activities of the prostitutes.  Wilson was a pimp along with two of his co-defendants – Johnny Saintil and Michael Defrand.  Wilson's other co-defendants – Latanya Ned and Maritza

-2-

Rodriguez – were bottoms.  Ned worked specifically for Wilson.

D.E. 125 at 1-2.

On June 6, 2010, Defendant Wilson filed his pending Motion to Dismiss [D.E. 120].  In this Motion, Wilson contends that the Superseding Indictment violates his Fifth, Sixth, and Eighth Amendment rights.  *See id.*  The Government disputes Wilson's claims.  This Court held a hearing on Wilson's Motion on July 26, 2010.  At that hearing, the Court heard argument from Defendant and the Government regarding Defendant's Motion to Dismiss.

## II.  Analysis

Defendant raises a variety of concerns regarding the Superseding Indictment.  Some of these challenges relate to the phrasing of the Superseding Indictment, while others regard 18 U.S.C. § 1591.  The Court considers each contention in turn.

### A.  The Government Charges in the Conjunctive But May Prove in the Disjunctive

First, Defendant complains that the Superseding Indictment charges in Counts 6 and 7, as well as in the objects of the conspiracy in Count 1, two different states of mind: "knowing, and in reckless disregard," and "it would be a violation of the Fifth Amendment indictment clause and a constructive amendment of the indictment, for the Court to instruct the jury that it could convict Mr. Wilson on proof of 'reckless disregard' alone." D.E. 120 at 4.  In other words, Defendant asserts that because the Superseding Indictment employs both *mens rea* standards of "knowing" and "in reckless disregard," the Court must direct the jury that it may convict Defendant only if it finds that Defendant not only engaged in the charged conduct "in reckless disregard," but also that he "knowingly" did so.

This Court disagrees.  "Knowing" and "in reckless disregard" constitute alternative intents

for each of the single offenses delineated in Counts 6 and 7, as well as for the object of the conspiracy set forth in Count 1.  "'[T]he law is well established that where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may properly be framed in the disjunctive.'" *United States v. Seher*, 562 F.3d 1344, 1363 (11th Cir. 2009) (quoting *United States v. Simpson*, 228 F.3d 1294, 1300 (11th Cir. 2000)).  Thus, conviction of the charged offenses upon a finding of reckless disregard in the absence of knowledge would not constitute a violation of the Fifth Amendment.

**B.  The Challenges to 18 U.S.C. § 1591**

As relevant here, 15 U.S.C. § 1591(a)(1) makes it a federal crime for anyone

> (1)    in or affecting interstate . . . commerce, . . . [to] recruit[], entice[], harbor[], transport[], provide[], obtain[], or maintain[] by any means a person; . . .
>
> knowing, or in reckless disregard of the fact, . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act . . . .

Section 1591(c) further explains,

> In a prosecution under subsection (a)(1) in which the defendant had a reasonable opportunity to observe the person so recruited, enticed, harbored, transported, provided, obtained or maintained, the Government need not prove that the defendant knew that the person had not attained the age of 18 years.

Defendant focuses his challenges to Section 1591 on the language of Section 1591(a) establishing that a person may violate the law with a *mens rea* of "reckless disregard of the fact . . . that the person has not attained the age of 18 years . . . " and on Section 1591(c).  Based on these provisions, Defendant seeks to challenge Section 1591 and complains that the 2008 amendments to Section 1591

-4-

adding the challenged language to Section 1591(a)(1) and the entirety of Section 1591(c), (1) lessen the Government's burden of proof, in violation of the Due Process Clause of the Fifth Amendment; (2) impermissibly shift the burden of proof to a defendant, in violation the Due Process Clause of the Fifth Amendment; (3) breach the right to remain silent, in violation of the Fifth Amendment; (4) limit a defendant's right to present a defense, in violation of the Due Process Clause of the Fifth Amendment; (5) render Section 1591 unconstitutionally vague, in violation of the Fifth Amendment; (6) subvert a defendant's right to trial by jury on every element of the offense, in violation of the Sixth Amendment; (7) subject a defendant to cruel and unusual punishment, in violation of the Eighth Amendment; and (8) prejudice a defendant's right "to be informed of the nature and cause of the accusation," in violation of the Fifth and Sixth Amendments.

Before addressing the merits of Defendant's objections to Section 1591, the Court must first consider whether Defendant may challenge Sections 1591(a) and (c). The United States argues that Defendant lacks standing to challenge the constitutionality of Section 1591(a) because the Superseding Indictment does not charge him with violating that statute "in a manner that implicates § 1591(c)." D.E. 125 at 4.

The Court therefore begins its analysis, as it must, by considering the threshold issue of justiciability. Article III of the Constitution extends the jurisdiction of federal courts only to "cases" and "controversies." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559 (1992). The case-or-controversy restriction, in turn, imposes on federal courts a limitation generally known as "justiciability." *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir. 1998) (citing *United States v. Florida Azalea Specialists*, 19 F.3d 620, 621-22 (11th Cir. 1994) (citing *Flast v. Cohen*, 392 U.S. 83, 94-95 (1968))). Justiciability doctrine serves two purposes: (1) it aims to

prevent the judiciary from infringing on the powers of the executive and legislative branches, and

(2) it seeks to ensure that the judiciary considers only those matters presented in an adversarial

context. *Id.* (citing *Florida Azalea Specialists*, 19 F.3d at 621-22). Grounded in "concern about the

proper – and properly limited – role" of an "unelected, unrepresentative judiciary" in our democratic

society, justiciability doctrine imposes "fundamental limits on federal judicial power." *Allen v.

Wright*, 468 U.S. 737, 750 (1984).

 As noted above, the United States invokes the justiciability doctrine of standing. At an

"irreducible constitutional minimum," standing imposes upon a plaintiff the requirement to make

each of the following three showings:

> (1) the plaintiff must have suffered an "injury in fact" – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) "actual or imminent, not 'conjectural' or 'hypothetical[;]'"

> (2) there must be a causal connection between the injury and the conduct complained of – the injury has to be "fairly . . . trace[able] to the challenged action of the defendant, and not . . . th[e] result [of] the independent action of some third party not before the court[;]" and

> (3) it must be "likely," as opposed to merely "speculative," that the injury will be "redressed by a favorable decision."

*Socialist Workers Party*, 145 F.3d at 1244 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. at 560-

61 (citing *Simon v. Easter Ky. Welfare Rights Org.*, 426 U.S. 26, 38 (1976))). Here, the

Government's argument that Defendant faces no charges in the Superseding Indictment that rely

upon the parts of Section 1591 that he challenges pertains to the last two prongs of standing. As

Defendant is under indictment, he can show an injury in fact for purposes of standing. To the extent

that Defendant is not in jeopardy of having the portions of Section 1591 to which he objects applied

to him, however, Defendant would not be able to show a causal connection between any injury and the challenged parts of Section 1591. Similarly, if the portions of Section 1591 to which Defendant objects are determined not to be the cause of Defendant's alleged injury, even a finding by this Court that the challenged parts of Section 1591 are unconstitutional will not redress Defendant's alleged injury.

_____Consequently, the Court must consider whether the Superseding Indictment subjects Defendant to any of the challenged parts of Section 1591. The Court, therefore, briefly reviews the charges against Defendant in the Superseding Indictment. Although Counts 6 and 7 allege violations of Section 1591(a)(1), they invoke the part of Section 1591(a)(1) that make it a crime to, in or affecting interstate commerce, "recruit[], entice[], harbor[], transport[], provide[], obtain[], or maintain[] by any means a person . . . knowing, or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion . . . , or any combination of such means will be used to cause the person to engage in a commercial sex act . . . ." *See* D.E. 115 at 2. Defendant does not challenge these parts of Section 1591(a)(1), and these counts do not charge Defendant with causing a minor to engage in a commercial sex act. Thus, Counts 6 and 7 do not involve potential application of Section 1591(c). As a result, they cannot imbue Defendant with standing to make the challenges Defendant asserts.

Count 1 charges Defendant with commercial sex act conspiracy, in violation of 18 U.S.C. §1594(c). Thus, on its face, it does not appear to invoke the challenged parts of Section 1591. A closer look at the charge reveals, however, that it alleges that Defendant conspired, in part, to "recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, knowing, and in reckless disregard of the fact, that such person had not attained the age of 18 years and would

be caused to engage in a commercial sex act" – the part of Section 1591(a) that Defendant challenges.  *See* D.E. 115 at 2.

Of course, an indictment for conspiracy to cause a minor to engage in a commercial sex act does not equate with an indictment charging the underlying crime itself.  *See United States v. Felix*, 503 U.S. 378, 389 (1992) (quoting *United States v. Bayer*, 331 U.S. 532, 542 (1947)) ("the agreement to do the act is distinct from the act itself"); *see also United States v. Eley*, 968 F.2d 1143, 1146 (11th Cir. 1992) (citing *Felix*, 503 U.S. at 389).  Nevertheless, the substantive crime that is the object of the conspiracy is not irrelevant.

Indeed, in order to prove conspiracy to cause a minor to participate in a commercial sex act, the Government must establish that Defendant agreed with another to cause a minor to engage in a commercial sex act.[1]  *Cf. United States v. Badolato*, 701 F.2d 915, 919-20 (11th Cir. 1983) (analyzing 21 U.S.C. § 846, which contains phrasing that is similar to that of 18 U.S.C. § 1594(c) and, like Section 1594(c), lacks language requiring an act in furtherance of the conspiracy).  To do that, the United States must establish either that Defendant and the alleged co-conspirators actually agreed to employ minors or that they agreed to employ females in reckless disregard of the fact that such individuals had not yet reached the age of majority.  Under the latter method of proof, the Government can choose to demonstrate that Defendant and the alleged co-conspirators agreed to employ females who happened to be under eighteen and whom Defendant and the alleged co-conspirators had a reasonable opportunity to observe, even though Defendant and the alleged co-conspirators might not actually have known the ages of the females.  Consequently, although the

_____

[1]Unlike 18 U.S.C. § 371, the language of which requires proof of an overt act in furtherance of the object of the conspiracy (". . . and one or more of such persons do any act to effect the object of the conspiracy . . ."), Section 1594(c) contains no such element.

-8-

elements of the substantive crime and the conspiracy charge certainly differ, they both appear to authorize the Court to instruct the jury regarding "recklessness" as that word is contained in Section 1591(c).

Moreover, even if that were not the case, in this matter, Defendant's co-defendants are charged with substantive violations of Section 1591(a)'s prohibition against knowingly or recklessly causing a minor to engage in commercial sex acts. Thus, the jury will be instructed regarding the substantive offense language, even though Defendant is not charged with a substantive violation himself. While the Court presumes that the jury will follow the instructions as read regarding the specific crimes with which Defendant Wilson is charged, *see United States v. Siegelman*, 561 F.3d 1215, 1239 (11th Cir. 2009), in view of the fact that one of the objects of the conspiracy with which Defendant is charged includes knowingly or recklessly causing a minor to engage in a commercial sex act, a substantive crime for which the jury will hear complete instructions in the context of considering the charges against the co-defendants, the Court concludes that the better course of action requires finding that Defendant enjoys standing to challenge the contested parts of Section 1591(a) and 1591(c).

## 1.  The Burden of Proof

Defendant contends that the 2008 amendments to Section 1591 "lower[ed] the government's burden of proof" beneath that requiring the Government to prove its case beyond a reasonable doubt. *See* D.E. 120 at 5-8, 11. More specifically, Defendant asserts that, as amended, Section 1591 allows for the conviction of a defendant upon "strict liability." *Id.* at 5.

The Court disagrees with this description of the effect of the 2008 amendments. The first step (and often the last one) in conducting statutory analysis requires the Court to consider the plain

language of the statute. *United States v. Browne*, 505 F.3d 1229, 1250 (11th Cir. 2007).  "'[W]here 'the language Congress chose to express its intent is clear and unambiguous, that is as far as we go to ascertain its intent because we must presume that Congress said what it meant and meant what it said.'" *Id.* (quoting *United States v. Steele*, 147 F.3d 1316, 1318 (11th Cir. 1998) (*en banc*) (citation omitted)).

Here, the language of Section 1591 contains no ambiguity.[2]  Nothing in Section 1591, as amended, purports to authorize a lower burden of proof.  In fact, the amended version of Section 1591 does neither expressly mentions nor even alludes to the concept of the "burden of proof."

Thus, the Government must still prove beyond a reasonable doubt all elements of 18 U.S.C. § 1591(a) as it charges a defendant with causing a minor to engage in a commercial sex act.  In this respect, even under the challenged portions of Section 1591, the Government must prove beyond a reasonable doubt all of the following elements: (1) the defendant's actions were in or affecting interstate or foreign commerce;[3] (2) the defendant knowingly recruited, enticed, harbored, transported, provided, obtained, or maintained a person and caused that person to engage in a commercial sex act; (3) that person, in fact, was under the age of eighteen at the time; and (4) the defendant either actually knew that the person had not yet reached the age of majority, or the defendant recklessly disregarded the person's age and had a reasonable opportunity to observe the

---

[2]Although the Superseding Indictment does not charge Defendant with a substantive violation of causing a minor to engage in a commercial sex act, for the reasons previously discussed, Defendant has standing to contest the statute.  For ease of discussion, the Court refers to the substantive crime in its analysis, as opposed to the conspiracy charge.

[3]The Government need not prove that the defendant knew that his actions were "in or affecting interstate or foreign commerce."  *See United States v. Evans*, 476 F.3d 1176, 1180 n.2 (11th Cir. 2007).

person. Thus, should the United States choose to establish a violation of Section 1591(a) by showing recklessness, in addition to the first three elements of Section 1591(a), it must prove beyond a reasonable doubt both that the defendant recklessly disregarded the person's age *and* that the defendant had a reasonable opportunity to observe the person. *See* 18 U.S.C. § 1591(a) and (c); *see also United States v. Robert Cox*, Case No. 09-60243-CR-COHN (S.D. Fla. 2010), D.E. 149, 13 (jury instruction for 18 U.S.C. § 1591(a) as it relates to sex-trafficking of minors).

Nor, as Defendant suggests, *see* D.E. 120 at 5, does the new recklessness standard render Section 1591(a) a "strict liability" crime.  In the context of Section 1594(a), "reckless disregard" means "to be aware of, but consciously and carelessly ignore, facts and circumstances clearly indicating that the person" had not yet achieved the age of majority.  *See United States v. Pina-Suarez*, 280 F. App'x 813, 817-18 (11th Cir. 2008) (approving of the quoted portion of the definition as it pertains to reckless disregard of the fact that an alien has not received prior official authorization to come to, enter, or reside in the United States, as that standard applies to 8 U.S.C. § 1324(a)(2)(B)(iii)).[4]  Strict liability, on the other hand, criminalizes conduct for which "'the offender need not have had any criminal intent at all.'" *United States v. Harris*, ___ F.3d ___, 2010 WL 2382401, *7 (11th Cir. June 16, 2010) (quoting *Begay v. United States*, 553 U.S. 137, 1586 (2007)).

In suggesting that Section 1591(c) causes Section 1591(a) to become a strict liability crime, Defendant appears to conclude that Section 1591(c) replaces the *mens rea* element of Section 1591(a) and relieves the Government of its obligation to prove beyond a reasonable doubt that a

---

[4]Eleventh Circuit opinions contained in the Federal Appendix are not selected by the Eleventh Circuit for publication in the Federal Reporter.  Consequently, under Rule 36-2, 11th Cir., such opinions do not constitute binding authority.  Nevertheless, they may be cited as persuasive authority.  *See* 11th Cir. R. 36-2.

defendant either knowingly or in reckless disregard that the person was a minor committed the crime set forth in Section 1591(a).  That is simply not the case.  Instead, as previously described, where the Government elects to proceed under the reckless disregard level of *mens rea*, Section 1591(c) requires the Government to prove beyond a reasonable doubt not only that the defendant acted in reckless disregard, but also that the defendant had a reasonable opportunity to observe the person recruited.

## 2.  Alleged Shifting of the Burden of Proof to a Defendant

Defendant next argues that the amendments to Section 1591 "effectively and unconstitutionally shift[] the government's burden of proving [the] essential element of *mens rea*[] to the defendant."  D.E. 120 at 8.  In so doing, however, Defendant points to no language of the statute that purportedly creates such an effect.  And, as discussed above, the Court's review of the statute has revealed nothing in the amended version of Section 1591 that either expressly purports to alter or shift the burden of proof or, in fact, results in such a circumstance.  Instead, even where the Government asks a jury to find that a defendant acted in reckless disregard of the fact that the person recruited was a minor, the burden of proof on this element (as well as the burden of proof with respect to a defendant's reasonable opportunity to observe the person) lies entirely on the shoulders of the United States.  Section 1591 burdens a defendant neither with proving that he did not act with reckless disregard of the person's underage status or that the defendant did not have a reasonable opportunity to observe the person.

## 3.  The Fifth Amendment Right to Remain Silent

With respect to this argument, Defendant contends that "a defendant who wishes to insist upon his Fifth Amendment right to remain silent[] and not to testify in his defense – but instead to

put the government to its burden – will be penalized.  For indeed, the government has no real burden under the newly-revised statute." D.E. 120 at 9-10.  Like the prior arguments, Defendant's contention here relies on the faulty proposition that "the government has no real burden" under the revised Section 1591.  The fallacy of this premise necessitates rejection of Defendant's argument.  As previously explained, nothing in the newly revised Section 1591 either relieves the United States of its burden to prove beyond a reasonable doubt all elements of a violation or encumbers a defendant with a burden to disprove anything.  Thus, a defendant still fully enjoys the Fifth Amendment right to remain silent under the current version of Section 1591 – even if the Government attempts to prove its case under a recklessness *mens rea*.

### *4.  The Right to Present a Defense*

Defendant also asserts that Section 1591 "violates the fundamental right to present a defense . . . in that a defendant who possesses no guilty knowledge no longer may rely upon that fact and present it as a valid defense." D.E. 120 at 10.  The Court understands Defendant's argument in this regard to challenge Congress's authority to attach a recklessness *mens rea* to the offense conduct described in Section 1591(a), which used to bear only a knowledge *mens rea*.

It is well established, however, that "[t]he definition of the elements of a criminal offense is entrusted to the legislature, particularly in the case of federal crimes, which are solely creatures of statute." *Liparota v. United States*, 471 U.S. 419, 424 (1985) (citing *United States v. Hudson*, 7 Cranch 32, 3 L. Ed. 259 (1812)).  Moreover, "courts obviously must follow Congress' intent as to the required level of mental culpability for any particular offense." *United States v. Bailey*, 444 U.S. 394, 406 (1980).

As discussed above, the language of Section 1591 unambiguously demonstrates that

Congress, by amending Section 1591, chose to re-define the *mens rea* element of the crime, allowing conviction upon a finding beyond a reasonable doubt of either knowledge or reckless disregard of the recruited person's minor status. Even if the statutory language were at all unclear, which it is not, the legislative history behind the amendments leaves no doubt that Congress intended to add the alternative *mens rea* standard of reckless disregard. In this respect, Representatives Howard Berman and John Conyers, Jr., submitted an explanatory statement regarding the inclusion of the "reckless disregard" language in the amended Section 1591:

> The current [scienter] standard is enhanced through the addition of a "reckless disregard" option. Such an approach is well-established in other federal criminal statutes, and would have the advantage of reaching those who turn a willfully blind eye toward a person in commercial sexual activity who is . . . underage.

154 Cong. Rec. H10888-01, H10904 (daily ed. Dec. 10, 2008). As congressional intent is clear and it is Congress's prerogative to change the scienter element of a criminal statute, the Court respectfully rejects Defendant's fourth basis for seeking to dismiss the Superseding Indictment.

## *5. Vagueness*

Defendant next complains that Section 1591 "does not give fair warning of what is outlawed," and, thus, is unconstitutionally vague. D.E. 120 at 10. It appears that Defendant hones in on Section 1591(c), presumably the "reasonable opportunity to observe" language, in making this challenge. *See id.* at 11 ("the newly-revised § 1591 – particularly the inclusion of new § 1591(c) – is unduly vague and capable of arbitrary and non-unanimous jury interpretation . . . .").

Defendant further invites the Court to engage in a facial vagueness analysis. *See id.* at 10. The Eleventh Circuit has held, however, that "[i]f a vagueness challenge to a statute does not involve the First Amendment, the analysis must be as applied to the facts of the case. *United States v.*

-14-

*Duran*, 596 F.3d 1283, 1290 (11ᵗʰ Cir. 2010) (citations omitted).  Accordingly, this Court declines Defendant's invitation and instead examines Defendant's challenge as applied only.

In order to avoid unconstitutional vagueness, a statute must "'define the criminal offense with sufficient definiteness that ordinary people can understand what conduct is prohibited and in a manner that does not encourage arbitrary and discriminatory enforcement.'"  *Id.*  (quoting *United States v. Awan*, 966 F.2d 1415, 1424 (11ᵗʰ Cir. 1992) (citation omitted)).  Even where "'difficulty is found in determining whether certain marginal offenses fall within their language,'" courts do not "automatically" find statutes to be unconstitutionally vague.  *Id.*  (quoting *United States v. Nat'l Dairy Prods. Corp.*, 372 U.S. 29, 32 (1963).  Rather, "a strong presumption supporting the constitutionality of legislation" exists.  *Id.*  (citing *Nat'l Dairy Prods. Corp.*, 372 U.S. at 32).

Here, the Court can discern no vagueness in Section 1591 as Defendant is charged.  As previously noted, Defendant does not face allegations of substantive violations of Section 1591(a) as that statute implicates Section 1591(c).  As the challenged parts of Section 1591 relate to the conspiracy count against Defendant, the statute states plainly what it prohibits: Defendant must not have agreed to knowingly recruit, entice, harbor, transport, provide, obtain, or maintain an individual who was under the age of eighteen to engage in a commercial sex act, knowing or in reckless disregard of the fact that the person was under the age of eighteen, in and affecting interstate commerce.  Section 1591 then goes on to define the term "commercial sex act" as "any sex act, on account of which anything of value is given to or received by any person."  *See* 18 U.S.C. § 1591(e)(3).  Thus, Section 1591, as the object of a conspiracy, forbids agreeing to knowingly or with reckless disregard of the person's status as a minor, cause a person under the age of eighteen to engage in a sex act in exchange for money or some other form of value, in and affecting interstate

-15-

commerce.  Nothing about what this statute proscribes is left to the imagination.  Instead, the statute clearly articulates precisely what it prohibits.

Moreover, as it relates to the facts that the Government has previously proffered regarding its case against Defendant, the United States has indicated that it anticipates presenting evidence showing that Defendant and the alleged co-conspirators participated in a prostitution ring, advertising women and underage girls on Internet websites, driving them to sex appointments, financially prospering from the females' sex acts, and engaging in law enforcement detection and counter-surveillance activities to prevent themselves from being caught.  *See* D.E. 109 at 3-5 (discussing the Government's proffer at an earlier hearing).  Additionally, the United States has indicated that it intends to present evidence demonstrating that the alleged victim identified by initials in Count 7, against whom Defendant is alleged to have used coercion in order to persuade her to participate in a commercial sex act, was under the age of eighteen for a portion of the offense conduct alleged and that Defendant was engaged in a personal relationship with her during this time. *See id.* at 6.  If the Government can prove all of these facts, it is difficult to conceive of how Defendant could have mistakenly thought his actions to fall outside the proscriptions of Section 1591.

Nor does Section 1591(c) alter the result of the vagueness analysis.  To the contrary, Section 1591(c), which authorizes reliance on the "reckless disregard" scienter standard only when a jury finds that the defendant "had a reasonable opportunity to observe the person," sets forth an objective and readily discernible standard.  In short, this Court finds nothing vague about Section 1591.

6.  *Right to Trial by Jury*

As his sixth objection to Section 1591, Defendant contends that the new version of the statute

somehow violates the right to a trial by jury on every element of the offense, although Defendant does not explain how, except to rely upon *United States v. Booker*, 543 U.S. 220 (2005). The Court, however, finds no basis in *Booker* for finding Section 1591 unconstitutional. In *Booker*, the Supreme Court held the mandatory nature of the United States Sentencing Guidelines to be unconstitutional, relying in part on a principle first articulated in *Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Apprendi*, in turn, the Supreme Court concluded that any fact that exposes a defendant to a higher statutory maximum penalty must be found beyond a reasonable doubt by a jury. *See id.*

Nothing in Section 1591 interferes with Defendant's right to a trial by jury. Section 1591 similarly does not remove from the jury consideration of any aspect of the alleged crime. Instead, as previously discussed, under the challenged portions of Section 1591, a jury must determine whether, beyond a reasonable doubt, the evidence establishes each element of the charged crime.

*7. Cruel and Unusual Punishment*

Defendant objects to Section 1591 on the basis that it "subjects a defendant to a mandatory penalty of 15 years['] imprisonment, and up to life imprisonment, upon proof of mere 'recklessness,' and/or negligence, and/or no *mens rea* at all . . . ," and, thus "is so disproportionate that it violates the Eighth Amendment prohibition on cruel and unusual punishment." D.E. 120 at 12. Again, this argument proceeds from an incorrect basis: Section 1591 does not allow for conviction upon proof of negligence "or no *mens rea* at all."

Moreover, to the extent that Defendant challenges the authorized sentencing range under Section 1591 where a conviction is based on a finding of recklessness, Defendant's claim is not yet ripe. Like standing, the doctrine of ripeness "originate[s] from the Constitution's Article III

requirement that the jurisdiction of the federal courts be limited to actual cases and controversies." *Elend v. Basham*, 471 F.3d 1199, 1204-05 (11th Cir. 2006) (citing *Abbott Labs. v. Gardner*, 387 U.S. 136, 148-49 (1967)). "Strict application of the ripeness doctrine prevents federal courts from rendering impermissible advisory opinions and wasting resources through review of potential or abstract disputes." *Nat'l Adver. Co. v. City of Miami*, 402 F.3d 1335, 1339 (11th Cir. 2005). "'A claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.'" *Harris v. Mex. Specialty Foods, Inc.*, 564 F.3d 1301, 1308 (11th Cir. 2009) (quoting *Texas v. United States*, 523 U.S. 296, 300 (1998)).

In this case, Defendant Wilson is subject to the sentencing range that Section 1591 authorizes only if he is convicted of any of the crimes charged in the Superseding Indictment. Defendant Wilson, however, has not at this point had a trial or pled guilty. Consequently, he has not been sentenced under the punishment provisions of Section 1591. Indeed, he may never be sentenced under Section 1591 if he is not convicted of any of the crimes charged in the Superseding Indictment.

Moreover, in evaluating an Eighth Amendment challenge to a punishment in a non-capital case such as this one, the Eleventh Circuit has advised, "[A] court must make a threshold determination that the sentence imposed is grossly disproportionate to the offense committed. The defendant has the burden of making that showing." *United States v. Sardinas*, 2010 WL 2803393, *18 (11th Cir. July 16, 2010) (quoting *United States v. Johnson*, 451 F.3d 1239, 1243 (11th Cir. 2006) (citations and quotation marks omitted)). Here, Defendant has not satisfied that burden because his argument relies on the incorrect assumption that Defendant could be convicted of a violation of Section 1591(a) based on no *mens rea* at all. *See* D.E. 120 at 12. And, even notwithstanding Defendant's failure at this point to meet his burden, the Court has no means by which to make the

-18-

required "threshold determination" because no sentence has been imposed.  Thus, Defendant's Eighth Amendment challenge must be denied at this point.

*8.  Right to Be Informed of Nature and Cause of Accusation*

Finally, Defendant argues that "[i]t is impossible from the [Superseding] Indictment here – specifically, the new 'reasonable opportunity to observe' language – for Mr. Wilson to understand the true nature of the government's charge against him, and to prepare to meet it."  D.E. 120 at 13. Although Defendant directs his objection in this respect only to the phrase "reasonable opportunity to observe" purportedly appearing in the Superseding Indictment, the Court's review of the Superseding Indictment has failed to reveal the presence of that phrase anywhere in the Superseding Indictment.  Because Defendant's challenge complains only about the use of that phrase in the Superseding Indictment and that phrase does not, in fact, appear in the Superseding Indictment, Defendant's objection in this regard is moot.

Moreover, what is in the Superseding Indictment "tracks the wording of the statute[s]" and sets forth the essential elements of the crimes charged.  *See United States v. Ndiaye*, 434 F.3d 1270, 1299 (11th Cir. 2006) (citation and internal quotation marks omitted).  As a result, the Superseding Indictment notifies Defendant Wilson of the charges against which he must defend and enables Defendant to rely upon any judgment that might be rendered on the Superseding Indictment as a bar against double jeopardy for any subsequent prosecution for the same offense.  *See United States v. Woodruff*, 296 F.3d 1041, 1046 (11th Cir. 2002).  As such, the charging language in the Superseding Indictment satisfies constitutional standards.

### III.  Conclusion and Recommendation

For the foregoing reasons, I respectfully recommend that the Court deny the Motion to

Dismiss in its entirety [D.E. 120].  The parties shall have fourteen (14) days from the date of being

served with a copy of this Report and Recommendation within which to file written objections, if

any, with the Honorable William J. Zloch, United States District Judge.  Failure to file objections

timely shall bar the parties from a *de novo* determination by the district judge of an issue covered in

the report and shall bar the parties from attacking on appeal the factual findings accepted or adopted

by the District Court except upon grounds of plain error or manifest injustice.  *R.T.C. v. Hallmark*

*Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir.

1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (*en banc*); 28 U.S.C. §

636(b)(1).

**FILED AND SUBMITTED** at Fort Lauderdale, Florida, this 27th day of July 2010.

ROBIN S. ROSENBAUM
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. William J. Zloch
      Counsel of Record

-20-